UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO.: 1:03cr331 (CKK) |
| ) | |
| WALDEMAR LORENZANA-LIMA, ) | |
| a/k/a "Valdemar Lorenzana-Lima," ) | **FILED** |
| ) | |
| Defendant. ) | AUG 18 2014 |
| | Clerk, U.S. District & Bankruptcy Courts for the District of Columbia |

## PLEA AGREEMENT

The United States of America, through the Narcotic and Dangerous Drug Section of the Criminal Division, United States Department of Justice (hereinafter referred to as the "United States" or "Government") and WALDEMAR LORENZANA-LIMA, a/k/a "Valdemar Lorenzana-Lima" (hereinafter referred to as the "Defendant"), enter into the following Plea Agreement (hereinafter referred to as "Plea Agreement"):

1. The Defendant knowingly and voluntarily agrees to plead guilty to the lesser included offense and penalty provision of 21 U.S.C. § 960(b)(2) in Count One of the Third Superseding Indictment, which charges the Defendant with conspiracy to import five hundred (500) grams or more of cocaine into the United States, and to manufacture and distribute five hundred (500) grams or more of cocaine, intending and knowing that the cocaine will be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 952, 959, 960 and 963.

2. The Defendant agrees to the Joint Statement of Stipulated Facts signed by him which is attached to this Plea Agreement and incorporated herein.

3. The Defendant understands that the crime and penalty provision to which the Defendant is pleading guilty carries a statutory maximum term of forty (40) years imprisonment, a fine not to exceed $5,000,000, and a maximum life term of supervised release. The Defendant

also understands that he will not be able to withdraw his guilty plea if he believes the sentence the Court imposes is too harsh.

4. The Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 21U.S.C. §§ 952, 959, 960 and 963 is: five (5) years imprisonment, followed by a four (4) year period of supervised release.

5. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph eight (8) of this Plea Agreement, a special assessment in the amount of $100 will be imposed. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6. The Defendant understands that the Court will impose a sentence in accordance with the factors set forth in 18 U.S.C. § 3553(a). Moreover, the Defendant understands that pursuant to the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the federal courts are not bound by the Federal Sentencing Guidelines ("Sentencing Guidelines" and "Guidelines"), but must consult those Guidelines and take them into account when sentencing. The Defendant understands further that this means the Court may impose a sentence that is either more severe or less severe than the advisory guideline range. The Defendant thus understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph one (1) and that the Defendant may not withdraw the plea if his sentence is at or below the statutory maximum sentence.

7. The United States promises to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the

Defendant's background.

8. Although not binding on the Court, or U.S. Probation, the parties agree that the Sentencing Guidelines calculation, based on the applicable law as of the date of this Plea Agreement, is as follows:

a. Under §§ 1B1.3 and 2D1.1(c)(1) of the Sentencing Guidelines, the Defendant is accountable for distributing or possessing with intent to distribute, or conspiring to distribute or possess with intent to distribute, or it is reasonably foreseeable to him that members of the conspiracy distributed or possessed with intent to distribute or conspired to distribute or possess with intent to distribute, cocaine in the amount of at least four hundred and fifty (450) kilograms or more and that, pursuant to § 2D1.1(c)(1) of the Sentencing Guidelines, the base offense level without adjustments for the crime to which the Defendant is pleading guilty is **38**.

b. The parties agrees that the Defendant's conduct renders him ineligible for relief under the safety valve provision set forth in Title 18, United States Code § 3553 (f) and U.S.S.G. § 5C1.2.

c. The parties agree that the Defendant may seek a downward departure or variance from the otherwise applicable guideline range established by the Sentencing Guidelines and the Court. However, the Government may oppose any such arguments.

d. The parties agree that the Government may seek other upward adjustments, departures or variances, and the Defendant reserves the right to oppose these. The Defendant acknowledges that the Government's may seek a sentence above the Base Offense Level 38, but not a sentence exceeding 40 years.

9. The United States agrees that it will recommend at sentencing that the Court reduce by three (3) levels the sentencing guideline level applicable to the Defendant's offense

pursuant to § 3E1.1 of the Sentencing Guidelines, based on the Defendant's recognition and affirmative and timely acceptance of personal responsibility. However, the United States will not be required to make this recommendation under § 3E1.1 if the Defendant:

    a.    fails or refuses to make full, accurate, and complete disclosure to the Probation Office of the circumstances surrounding the relevant offense conduct; or

    b.    is found to have misrepresented facts to the Government prior to or after entering this Plea Agreement; or

    c.    commits any misconduct after entering into this Plea Agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official; or

    d.    attempts in any way, either directly or indirectly, to interfere with the extradition process, or the availability of co-conspirators or witnesses in the United States or a foreign country.

10.    The United States and the Defendant believe the Defendant's criminal history is Category I.

11.    The Defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the Defendant may have in any asset, located within the jurisdiction of the United States or elsewhere, including but not limited to cash assets, negotiable instruments, securities, property or other things of value, including any and all property which has been transferred or sold to or deposited with any third party, known or unknown by the Defendant for a period of not less than 10 years prior to the date of the signing of this Plea Agreement that were involved in, used in, intended for use in, or obtained through narcotics violations, as well as any asset, interest, or proceeds Defendant received or could

receive or cause to be received by a third party in the future, directly or indirectly, in whole or in part, from Defendant's illegal activities. The Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted. The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, or to a third-country and to testify truthfully in any judicial forfeiture proceeding. The Defendant acknowledges that all property covered by this Plea Agreement is subject to forfeiture as proceeds of illegal conduct.

12. The Defendant agrees that, pursuant to 18 U.S.C. § 3143, he shall remain detained without bond pending his sentencing in this case.

13. In entering this plea of guilty, the Defendant understands and agrees to waive certain rights afforded to the Defendant by the Constitution of the United States, by statute, other procedural rule, and /or Court order.

14. The Defendant is aware that the sentence has not yet been determined by the

Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, or the Government, is a prediction, not a promise, and is not binding on the Government or the Court. The Defendant understands further that any recommendation that the Government makes to the Court as to sentencing, whether pursuant to this Plea Agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the Government, or a recommendation made jointly by both the Defendant and the Government.

15. The United States reserves the right to dispute sentencing factors or facts material to sentencing and to use any information or material, whether or not obtained from the Defendant pursuant to this Plea Agreement, to correct any factual errors or positions asserted by the Probation Office or the Defendant.

16. The Defendant represents to the Court that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is in fact guilty, and represents to the Court that he is fully satisfied with the legal advice, guidance and representation he has received from his attorneys.

17. The Defendant also represents that he is competent to enter the plea and has been able to understand and aid in his own defense.

18. The Defendant is aware that 18 U.S.C. § 3742 affords the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this Plea Agreement, the Defendant hereby waives all rights

conferred by 18 U.S.C. § 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, including any challenges to the constitutionality of the Sentencing Guidelines, unless the sentence exceeds the maximum permitted by statute or results from an upward departure from the guideline range established by the Court at sentencing. In addition to the waiver of any other right resulting from his Plea Agreement, the Defendant specifically waives any right to appeal any claim that the Defendant and his crimes were not subject to the jurisdiction of the United States. The Defendant also waives any right to have facts that determine his sentence under the Guidelines alleged in the Third Superseding Indictment or found by a jury beyond a reasonable doubt. The Defendant further waives his right to appeal or collaterally attack his guilty plea and sentence pursuant to 28 U.S.C. § 2255.

19. The Defendant further agrees that the Court shall find at sentencing by a preponderance of the evidence any facts that determine his sentence under the Guidelines. The Defendant further agrees to waive his right to appeal the finding of guilt. The Defendant further understands that nothing in this Plea Agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the Defendant's sentence pursuant to § 3742(b), the Defendant shall be released from the above waiver of appellate rights. By signing this Plea Agreement, the Defendant and counsel for the Defendant acknowledge that they have discussed the appeal waiver with each other and that defense counsel, along with the prosecutor, will request that the district court enter a specific finding regarding the Defendant's knowing and voluntary waiver of his right to appeal the sentence imposed and his waiver of his right to appeal the finding of guilt, as set forth in this Plea Agreement.

20.     The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Indeed, because the Defendant is pleading guilty to a drug trafficking offense, removal is presumptively mandatory. Because removal and other immigration consequences are the subjects of a separate proceeding, the Defendant understands that no one, including the Defendant's attorneys or the District Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

21.     This Plea Agreement only binds the Narcotic and Dangerous Drug Section, Criminal Division, United States Department of Justice. It does not bind any other office or agency of the United States Government or United States Attorney's Office. These offices and agencies remain free to prosecute the Defendant for any offense(s) committed within their respective jurisdictions.

22. There are no other agreements, promises, understandings or undertakings between the Defendant and the Government. The Defendant understands and acknowledges that there can be no valid addition or alteration to this Plea Agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

ARTHUR G. WYATT
CHIEF, NARCOTIC & DANGEROUS DRUG SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

Date: 8/18/14    By: _____
Michael Lang
Adrian Rosales
Amanda Liskamm
Trial Attorneys

Approved by:
Date: 8/18/14    By: _____
Jerold P. McMiller
Deputy Chief, Litigation

## DEFENDANT'S ACCEPTANCE

I have reviewed this Plea Agreement with the assistance of a federally-certified English-Spanish court interpreter, and have discussed it at length with my attorneys, A. Eduardo Balarezo and Joaquin Perez, with the assistance of a federally-certified English-Spanish court interpreter. I fully understand this Plea Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one (1). This Plea Agreement has been translated into Spanish for me. I understand that the English version controls.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorneys in connection with this Plea Agreement and matters related to it.

I am also competent to understand and take this plea, and I have been able to understand and aid in my own defense.

_____     8/18/14
WALDEMAR LORENZANA-LIMA,              Date
a/k/a "Valdemar Lorenzana-Lima"
Defendant


## ATTORNEYS' ACKNOWLEDGMENT

We are the Defendant's attorneys. We have fully explained to the Defendant, through a federally-certified English-Spanish court interpreter, the Defendant's rights and the applicable provisions of the Sentencing Guidelines. We have carefully reviewed every part of this Plea Agreement with the Defendant, through a federally-certified English-Spanish court interpreter. The Defendant is entering into this Plea Agreement voluntarily, intelligently and with full knowledge of all consequences of the Defendant's plea of guilty.

_____     8/18/14
A. Eduardo Balarezo                   Date
Attorney for Defendant

_____     8/18/14
Joaquin Perez                         Date
Attorney for Defendant