UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO.: 1:03-cr-331 (CKK) |
| ) | |
| WALDEMAR LORENZANA-LIMA, ) | |
| a/k/a "Valdemar Lorenzana-Lima," ) | **FILED** |
| ) | |
| Defendant. ) | AUG 1 8 2014 |
| | Clerk, U.S. District & Bankruptcy Courts for the District of Columbia |

### JOINT STATEMENT OF STIPULATED FACTS

1. The following statement of facts does not purport to include all of the Defendant's illegal conduct during the course of his charged offense. Nor does it purport to be an inclusive recitation of all that the Defendant heard, knew, or witnessed concerning the illegal activities of himself or those of his conspirators. It represents sufficient information for the Court to find a factual basis for accepting the Defendant's guilty plea in the above-captioned matter and is not intended to represent all of the Defendant's relevant conduct for sentencing purposes. Had the Defendant proceeded to trial, the Defendant agrees that the Government's evidence would show the following beyond a reasonable doubt:

2. From in or about March 1996 and continuing thereafter up to and including April 2009, within the country of Guatemala and elsewhere, the Defendant, WALDEMAR LORENZANA-LIMA, a/k/a "Valdemar Lorenzana-Lima," did unlawfully, knowingly, willfully, and intentionally combine, conspire, confederate and agree with other conspirators, both known and unknown, to commit the following offense against the United States, to wit: to import at least five hundred (500) kilograms or more of cocaine, a Schedule II controlled substance, into the United States, to manufacture and distribute at least five hundred (500) kilograms or more of cocaine, a Schedule II controlled substance, intending and knowing that the cocaine would be

unlawfully imported into the United States, in violation of 21 U.S.C. §§ 952, 959, 960 and 963.

3.    During the course and in furtherance of the conspiracy, the Defendant was a member of a drug trafficking organization ("DTO") which, from in or about March 1996, and continuing until at least November 2007, would receive, inventory and store large quantities of cocaine from Colombia that would later be illegally imported into Mexico, and ultimately, into the United States for further distribution. Some of this cocaine would arrive in El Salvador via "go-fast" boats from Colombia and was then smuggled into Guatemala by land. Once in Guatemala, the cocaine was received, inventoried, stored and further distributed for importation into the United States on properties owned and/or utilized by the DTO, including the Defendant. The DTO also utilized cocaine-laden aircraft which would land on clandestine airstrips located on or near properties owned and/or utilized by the DTO, including the Defendant, to receive, inventory, store, and further distribute the cocaine for importation into the United States. The Defendant was paid a fee for each shipment of cocaine that members of the conspiracy received, stored, transported and/or sold during the conspiracy on the Defendant's properties. Members of the DTO would then illegally sell the cocaine to Mexican drug traffickers in Guatemala knowing or intending that it would be further distributed to the United States.

4.    The Defendant agrees that during the course of his involvement in the conspiracy, several shipments of cocaine being distributed by his DTO or intended for this DTO were seized by law enforcement authorities of several different countries.

5.    The Defendant admits that he was aware that the cocaine was going to be illegally imported into the United States for further distribution. The Defendant agrees venue and jurisdiction lie with this Court.

6. The Defendant admits that the total amount of cocaine involved in this conspiracy for which he had actual knowledge and involvement was well over 450 kilograms.

7. The Defendant also agrees that his participation as a conspirator in the above-described acts were in all respects knowing, intentional, and willful, reflecting an intention and deliberation to do something the law forbids, and were not in any way the product of any accident, mistake of law or fact, duress, entrapment, or public authority.

## DEFENDANT'S ACKNOWLEDGMENT

I have reviewed a Spanish translation of this factual proffer and have discussed it with my attorneys, A. Eduardo Balarezo and Joaquin Perez. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this factual proffer fully. This factual proffer has been translated into Spanish for me. I understand that the English version controls.

_____        8/18/14
WALDEMAR LORENZANA-LIMA,                 Date
a/k/a "Valdemar Lorenzana-Lima"
Defendant

## ATTORNEYS' ACKNOWLEDGMENT

We have read this factual proffer, and have reviewed it fully with our client with the assistance of a federally court-certified English-Spanish interpreter.

_____        8/18/14
A. Eduardo Balarezo                      Date
Attorney for Defendant

_____              8/18/14
Joaquin Perez                          Date
Attorney for Defendant