**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 03-331-CKK** |
| **v.** | |
| **WALDEMAR LORENZANA LIMA,** | |
| **a/k/a Valdemar Lorenzana-Lima** | |
| **a/k/a "Don Valde,"** | |
| **Defendant.** | |

**GOVERNMENT'S MOTION TO PROCEED UNDER 18 U.S.C. § 4244**

The United States respectfully submits that controlling statutory provision regarding the current competency hearing should be governed by 18 U.S.C. § 4244 based on the procedural posture of the case. The statutory text and context clearly indicate that this provision applies. Secondly, the legislative history further supports that this provision should be applied. Lastly, there is no due process violation from applying this provision in this case.

I.  PROCEDURAL HISTORY

On March 10, 2009, a federal grand jury returned an Indictment against the Defendant Waldemar LORENZANA-LIMA, also known as "Valdemar Lorenzana-Lima" or "Don Valde," (hereinafter "LORENZANA-LIMA" or "Defendant") charging that, from in or around 1996 and continuing thereafter up to and including 2009, from the countries of Colombia, El Salvador, Guatemala, and Mexico, and elsewhere, the Defendant conspired with others to commit the following offenses against the United States: (1) to unlawfully, knowingly and intentionally import five kilograms or more of a mixture and substance containing a detectable amount of

1

cocaine into the United States; and (2) to knowingly and intentionally manufacture and distribute

five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a

Schedule II controlled substance, intending and knowing that such substance would be

unlawfully imported into the United States, all in violation of 21 U.S.C. §§ 952, 959, 960, 963,

and 960(b)(1)(B)(ii) and 18 U.S.C. § 2.

On August 18, 2014, the Defendant pleaded guilty to conspiracy to import five hundred

(500) grams or more of cocaine into the United States, and to manufacture and distribute five

hundred (500) grams or more of cocaine, intending and knowing that the cocaine will be

unlawfully imported into the United States, all in violation 21 U.S.C. §§ 952, 959, 960 and 963,

the lesser included offense and penalty provision of 21 U.S.C. § 960(b)(2) in Count One of the

Third Superseding Indictment.

On January 12, 2015, the Court set a sentencing hearing for March 24, 2015 and set a

briefing schedule for the parties to file their sentencing memorandums.  On January 22, 2015, the

Court ordered that Dr. Teresa Grant conduct a preliminary psychiatric examination of the

Defendant and provide a written report to the Court.[1]

On February 18, 2015, the Court received Dr. Grant's written report which stated that Dr.

Grant was unable to form an opinion as to the Defendant's competency.  Additionally, the report

recommended that a further evaluation be conducted.  On February 26, 2015, the Court ordered a

further competency evaluation be conducted at FCI Butner pursuant to 18 U.S.C. §§ 4241 and

4247.  The evaluation period commenced on March 10, 2015, and on April 14, 2015, Dr. Manuel

---

[1]     As there was an _ex parte_ proceeding, it is unclear to the Government if this was at the request of defense
counsel or sua sponte from the Court.

Gutierrez submitted a forensic evaluation to the Court determining that the Defendant suffers from a mental disease or defect that renders him incompetent.

On April 22, 2015, the Court conducted a status hearing.  During the status hearing the Government explained that 18 U.S.C. § 4244 (and not 18 U.S.C. § 4241) should be the controlling statutory provision based on the procedural posture of the case.  The Court requested that the Government brief the issue, and set a briefing schedule for the parties.  The Court ordered the Government to submit its brief by 5:00 p.m. on April 23, 2015 and defense counsel to submit their brief by 5:00 p.m. on April 24, 2015.  The Court further scheduled a hearing for April 27, 2015 to determine the Defendant's competency.

II.     THE STATUTORY PROVISIONS AND THE GOVERNMENT'S PROPOSED PROCEDURE

        A.      The Applicable Statute is 18 U.S.C. § 4244

Chapter 313 of the United States Code, codified at 18 U.S.C. §§ 4241-4248, sets forth the procedural provisions applicable to offenders suffering from a mental disease or defect.  Section 4241 provides procedures applicable "[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant..." 18 U.S.C. § 4241(a).  Section 4244 provides procedures for "a defendant found guilty of an offense ... and prior to the time the defendant is sentenced."  18 U.S.C. § 4244(a).  Although the two sections appear to overlap, Section 4241 has been interpreted to apply in the pre-conviction context, where the issue is the defendant's competency to stand trial or enter a guilty plea.  See United States v. Strong, 489 F.3d 1055, 1057 (9th Cir. 2007); United States v. Sahhar, 917 F.2d 1197, 2100 (9th Cir. 1990).  Section 4244, on the other hand, applies in the post-conviction context, where competency issues arise

after a defendant has entered a guilty plea or been found guilty following trial.  See Weber v. United States District Court for the Central District of California, 9 F.3d 76, 78 (9th Cir. 1993).

Both Sections 4241 and 4244 provide substantially the same procedures that are to be followed by the Court when the issue of the defendant's mental competency is raised.  Both sections provide that a motion to determine competency may be made by counsel for the defense or the United States or on the Court's own initiative. 18 U.S.C. §§ 4241(a), 4244(a).  Both sections provide that a hearing shall be conducted pursuant to the provisions of 18 U.S.C. § 4247(d).  18 U.S.C. §§ 4241(c), 4244(c).  Both sections state that prior to the hearing, the Court may order that a psychiatric or psychological exam be conducted and that a report be provided to the Court pursuant to the provisions of 18 U.S.C. §§ 4247(b) and (c). 18 U.S.C. §§ 4241(b), 4244(b).  Section 4247(b) states that the Court may commit the person to the custody of the Attorney General for the examination. Section 4247(c) outlines the information to be provided in the report to the Court. The same information is to be included in a report issued pursuant to either Section 4241 or 4244, with the exception that a report issued pursuant to Section 4241 shall also include an opinion on whether the defendant can understand the nature of the proceedings against him and assist properly in his defense, while a report issued pursuant to Section 4244 shall include an opinion on whether the defendant is "in need of custody for care or treatment in a suitable facility." 18 U.S.C. § 4247(c)(4)(A) and (E).  Thus, with the exception of the additional information to be provided in the psychological report, the two sections outline identical procedures.

The two sections differ, however, in what the Court is to do once a finding of mental disease or defect has been made.  Under Section 4241, the Court must determine by a preponderance of the evidence whether the defendant's mental disease or defect renders him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18

U.S.C. § 4241(d).  If such a finding is made, the Court shall commit the defendant to the custody

of the Attorney General for treatment in a suitable facility for a reasonable period of time until the

defendant regains the capacity to proceed with the case.  18 U.S.C. § 4241(d)(1) & (2).  If it appears

that the defendant's condition will not improve within a reasonable period of time to allow the

case proceed, the defendant is subject to the procedures of 18 U.S.C. § 4246 or 4248, under which

he may be committed upon a finding that he poses a substantial risk of danger to the person or

property of another. 18 U.S.C. §§ 4246(d), 4248(d).2

Under Section 4244, the Court must only determine whether the defendant, in lieu of

imprisonment, should be sentenced to a "suitable facility" for care a treatment.  18 U.S.C. §

4244(d).  If the Court finds that treatment is necessary in lieu of imprisonment, the Court orders

that the defendant be committed to the custody of the Attorney General, who hospitalizes the

defendant in suitable facility.  Id.  This step "constitutes a provisional sentence of imprisonment

to the maximum term authorized by law for the offense for which the defendant was found guilty."

Id.  If the director of the facility to which the defendant is committed determines that the defendant

has recovered from the mental disease or defect and is no longer in need of care or treatment, the

director notifies the Court, and, if the provisional sentence has not expired, the Court "shall proceed

finally to sentencing and may modify the provisional sentence."  18 U.S.C. § 4244(e); Moses, 106

F.3d at 1277.

### B.    The Procedures Outlined in 18 U.S.C. § 4244(d)

Under Section 4244(d), the Court should first determine by a preponderance of the

evidence whether the defendant suffers from a mental disease or defect.  Assuming that the Court

finds the Defendant incompetent at the conclusion of the hearing on April 27, 2015, the Court next

should determine whether, "in lieu of being sentence to imprisonment, [the defendant should] be

committed to a suitable facility for care or treatment." 18 U.S.C. § 4244(d).  See United States v. Buker, 902 F.2d 769, 770 (9th Cir. 1990) ("We hold that section 4244(d) requires a district court to find both that a defendant suffers from a mental disease or defect and that the defendant should be committed to a suitable facility in lieu of imprisonment.") (emphasis in the original).  The Court may request the opinion of Dr. Gutierrez, who have already conducted an examination of the defendant, whether he believes that commitment to such a facility would be appropriate, or, in the alternative, if commitment is not appropriate, what sentencing alternatives could best afford the defendant the treatment he needs. 18 U.S.C. § 4244(b), 4247(c)(4)(E).  If the Court determines that the defendant should be so committed, the Attorney General will take custody of the defendant for a provisional sentence of 40 years, the statutory maximum for the offenses of which the defendant has been found guilty.  Id.; see United States v. Roberts, 915 F.2d 889, 891-92 (4th Cir. 1990), accord United States v. Mann, 130 F.3d 1365, 1367 (9th Cir. 1997), opinion withdrawn as moot at 138 F.3d 758 (9th Cir. 1998); but see Moses, 106 F.3d at 1275 n.1 (finding the maximum term of imprisonment is total length of time defendant may be imprisoned when sentences for multiple offenses are run consecutively).  If the director of the facility to which the defendant is committed determines that the defendant no longer requires care or treatment, the defendant will be returned to the Court to impose a final sentence. 18 U.S.C. § 4244(e). See Roberts, 915 F.2d at 892. On the other hand, if the Court determines that commitment to an appropriate facility for care or treatment is not necessary, the Court may proceed to sentence the defendant in accordance with 18 U.S.C. § 3553(a). See Buker, 902 F.2d at 769 ("We conclude that section 4244(d) permits the district court to sentence a defendant to imprisonment notwithstanding a finding that the defendant suffers from a metal defect or disease."). As part of such sentence, the Court may recommend that the defendant serve any term of imprisonment at a facility appropriate to his needs. Id. at 770.

III.     18 U.S.C. § 4244 SHOULD BE APPLIED IN THIS CASE

The plain language of 18 U.S.C. § 4244 is the governing provision in this case based on the procedural posture.  Section 4244 applies to all defendants who are mentally ill at the time of sentencing, whether or not their mental illness renders them legally incompetent.  As the Defendant has plead guilty and is convicted, pending sentencing, Section 4244 controls.  Indeed, the statutory scheme establishes different procedures for mentally ill defendants at the various stages of the criminal process, beginning with assessing trial competency (§ 4241), providing for an insanity defense and the hospitalization of a defendant acquitted on that ground (§§ 4242 and 4243), hospitalizing a mentally ill defendant following conviction (§§ 4244 and 4245), and committing a mentally ill and dangerous individual due for release (§ 4246).  The titles of the various sections and the text of Section 4241 before it was amended to conform to other provisions in the Adam Walsh Child Protection and Safety Act of 2006 also demonstrate that 18 U.S.C. § 4241 (Section 4241) applies to competency <u>at trial</u>.  The legislative history similarly supports that interpretation.

Additionally, unlike a presumptively innocent defendant whose commitment for a determination of mental incompetency must be limited to "a reasonable period of time," <u>see</u> <u>Jackson v. Indiana</u>, 406 U.S. 715, 738 (1972), a convicted defendant may be held for the duration of a permissible sentence.  Indeed, the Defendant was advised of the statutory maximum sentence both in the plea agreement that was translated to him and during the guilty plea hearing.  If the Court were to proceed under Section 4241, a convicted but incompetent defendant is treated as indistinguishable from an incompetent defendant whose guilt has not yet been proved.  As a result, the convicted but incompetent defendant is unconditionally released without any means of proceeding to sentencing should his competency be restored.  Further, Section 4244's provisional

sentence provisions, ensure against the possibility that a convicted defendant who is mentally ill would also be incompetent to face sentencing.[2]

> **A.**   **The Statutory Text and Context Indicate That Section 4241 Applies to Defendants Who Are Incompetent to Stand Trial and Section 4244 Applies to Convicted Defendants Who Are Incompetent to Be Sentenced**

The text of 18 U.S.C. § 4244 expressly trains on "[a] defendant found guilty of an offense," and authorizes a psychiatric examination and hearing when the defendant "may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility."  Although Section 4244 does not explicitly provide for determinations of competency, it does not exclude them either.

Under established rules of statutory construction, "in ascertaining a statute's plain meaning, we must look to the particular statutory language at issue, as well as the language and design of the statute as a whole."  National Recycling Coalition, Inc. v. Reilly, 884 F.2d 1431, 1435 (D.C. Cir. 1989); Nadarajah v. Gonzales, 443 F.3d 1069, 1076 (9th Cir. 2006) (internal quotation marks omitted).  See also, e.g., United States v. Cruz-Gramajo, 570 F.3d 1162, 1167 (9th Cir.)  ("While the "starting point is always the language of the statute itself, … the structure and purpose of a statute may also provide guidance in determining the plain meaning of its provisions.") (internal quotation marks and citations omitted), cert. denied, 130 S. Ct. 646 (2009); Koons Buick Pontiac GMC, Inc. v. Nigh, 543 U.S. 50, 60 (2004) ("A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme … because only one of the permissible

---

[2]   We are aware of no case in which a court has released a convicted defendant who was mentally incompetent to proceed to sentencing pursuant to Section 4241(d)(2).  Even in United States v. Morris, infra, which applied Section 4241, the Court did not order the defendant's release because the defendant's competency was restored following his initial commitment for treatment and the court was able to proceed to sentencing. 550 F. Supp. 2d 1290 (M.D. Ala. April 22, 2009) (finding defendant's competency "restored" after further evaluation results were "strongly indicative of malingering").

meanings produces a substantive effect that is compatible with the rest of the law.") (internal quotation marks and citation omitted).

The structure of the statutory scheme as a whole demonstrates that Congress intended Section 4241 to apply to determinations of competency to stand trial (or competency to undergo post-release proceedings) and Section 4244 to apply to mentally ill defendants, including incompetent ones, following conviction.  The series of statutes at issue, 18 U.S.C. §§ 4241-4247, establishes procedures for a mentally ill defendant as he progresses through the criminal justice system.  The series moves from competence to stand trial (§ 4241), to the insanity defense at trial (§ 4242); to hospitalization for defendants found not guilty by reason of insanity (§ 4243), to hospitalization for defendants found guilty but who are determined to be mentally ill before sentencing (§ 4244), to hospitalization for defendants who become mentally ill during a term of imprisonment (§ 4245), to civil commitment for mentally ill prisoners due for release (§ 4246). Thus, it makes sense to interpret the language in Section 4241(a) as authorizing a hearing on trial competency when reasonable cause to believe that the defendant is incompetent develops after the verdict but before sentencing.  Cf. United States v. No Runner, 590 F.3d 962, 964-965 (9th Cir. 2009) ("[T]he question of competency remains open throughout the trial, and may be raised by the defendant, or by the court, at any time. As the Supreme Court has explained, '[e]ven when a defendant is competent at the commencement of his trial, a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial.' ") (quoting Drope v. Missouri, 420 U.S. 162, 181 (1975)).

Other factors reinforce the structural inference that, once guilt has been determined, Section 4244 applies.  First, the titles explicitly say so.  See Almendarez-Torres v. United States, 523 U.S. 224, 234 (1998) ("[T]he title of a statute and the heading of a section are tools available

for the resolution of a doubt about the meaning of a statute." (citation and internal quotation marks

omitted)); United States v. Nader, 542 F.3d 713, 717 (9th Cir. 2008) ("Titles are also an appropriate

source from which to discern legislative intent."), cert. denied, 129 S. Ct. 1984 (2009).  Indeed,

Section 4241 is entitled "Determination of mental competency to stand trial [or] to undergo

postrelease proceedings," while Section 4244 is entitled "Hospitalization of a convicted person

suffering from a mental disease or defect."  The text of Section 4241, before it was amended for

an unrelated reason by Title III of the Adam Walsh Child Protection and Safety Act of 2006, Pub.

L. No. 109-248, 120 Stat. 617, 8 makes the point even more clearly.  See Addendum 9-10.  Prior

to 2006, the title of the section was simply "Determination of mental competency to stand trial."

The phrase "capacity to permit the proceedings to go forward" used throughout the current version

of Section 4241 previously read "capacity to permit the trial to proceed."  As relevant here, Section

4241(d)(1) provided for a four-month commitment to determine whether the defendant "will attain

the capacity to permit the trial to proceed," and Section 4241(d)(2) permitted an additional

commitment "if the court finds that there is a substantial probability that within such additional

period of time he will attain the capacity to permit the trial to proceed." Additionally, under that

subsection, the defendant was subject to the provisions of Section 4246 "[i]f at the end of the time

period specified, it is determined that the defendant's mental condition had not so improved as to

permit the trial to proceed."

The duration of the commitment periods in Sections 4241 and 4244 also correspond to the

differing liberty interests of the pretrial and convicted defendant.  Section 4241(d)(1) provides that

a defendant may be committed for a "reasonable period of time, not to exceed four months, as is

necessary to determine whether there is a substantial probability that in the foreseeable future he

will attain the capacity to permit the proceedings to go forward," and Section 4241(d)(2)(A)

permits a reasonable extension "if the court finds that there is a substantial probability" that within that time the defendant will become competent.  Those provisions comport with the Supreme Court's holding in Jackson v. Indiana, 406 U.S. 715 (1972), that "a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future." Id. at 738.  See United States v. Strong, 489 F.3d 1055, 1061-1062 (9th Cir. 2007) (concluding that Section 4241 "comports with Jackson's constitutional mandate" by limiting the duration of the pretrial defendant's commitment and requiring a close fit between the commitment and the purpose for which it was designed), cert. denied, 128 S. Ct. 1218 (2008).

On the other hand, due process does not mandate those same temporal restrictions on the commitment of a convicted defendant.  See District Attorney's Office for Third Judicial Dist. v. Osborne, 129 S. Ct. 2308, 2320 (2009) ("A criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man."); Jones v. United States, 463 U.S. 354, 365 n.12 (1983) ("The proof beyond a reasonable doubt that the acquittee committed a criminal act distinguishes this case [involving the commitment of a defendant found not guilty by reason of insanity] from Jackson v. Indiana, 406 U.S. 715 (1972). …. In Jackson there never was any affirmative proof that the accused had committed criminal acts …"); United States v. DeLuca, 529 F. Supp. 351, 354 (S.D.N.Y. 1982) (noting, in the case of a convicted but unsentenced defendant, that "the situation at issue in Jackson … was entirely different from the one at bar" because "this Court is not faced with a situation involving 'denial of due process inherent in holding pending criminal charges indefinitely over the head of one who will never have a chance to prove his innocence.' ") (quoting Jackson, 406 U.S. at 740).  See also Foucha v. Louisiana, 504

U.S. 71, 93 (1992) (Kennedy, J., dissenting) ("We have often subjected to heightened due process scrutiny, with regard to both purpose and duration, deprivations of physical liberty imposed before a judgment is rendered under this standard [beyond a reasonable doubt].   The same heightened due process scrutiny does not obtain, though, once the State has met its burden of proof and obtained an adjudication.").   Section 4244 accommodates a convicted defendant's lesser liberty interests and the government's legitimate interest in confinement by authorizing commitment for a period no longer than the maximum sentence possible for the offense of conviction.   Cf. Jones, 463 U.S. at 369 n.19 ("The Court has held that a convicted prisoner may be treated involuntarily for particular psychiatric problems, but that upon expiration of his prison sentence he may be committed only as would any other candidate for civil commitment."); Humphrey v. Cady, 405 U.S. 504, 510-511 (1972) (approving in dicta the government's authority to commit a defendant for psychiatric treatment as an alternative to penal sentencing for the duration of the maximum permissible sentence).

Proceeding under Section 4241 also leads to results that Congress could not have intended. See, e.g., EEOC v. Commercial Office Products Co., 486 U.S. 107, 120 (1988) (a court should avoid "absurd or futile results … plainly at variance with the policy of the legislation as a whole") (internal quotation marks omitted).   The unmistakable purpose of Section 4244 is to hospitalize rather than imprison the convicted defendant who is mentally ill.   Under Section 4241, however, the convicted defendant whose mental illness is so severe that it also renders him incompetent receives no such care or treatment.   Moreover, the use of Section 4241 presumes that Congress equated incompetent, convicted defendants with incompetent, presumptively innocent individuals, rather than with mentally ill, convicted defendants.   The concomitant effect of proceeding under

4241 is that the incompetent defendant is unconditionally released (unless civilly committed under Section 4246) with no possibility of being sentencing, even if his competence is restored.

Additionally, Section 4244's provisional sentencing provisions should be taken into account. Under Section 4241, there is no reason to avoid final sentencing in favor of a provisional sentence. The district court could lawfully sentence the competent defendant and then commit him to serve as much of that term as necessary in a mental facility in lieu of prison. Indeed, the application of Section 4244 largely superfluous since the provisions in Section 4245, which apply to offenders who require treatment for mental illness during their term of imprisonment, would lead to the same result. See, e.g., Chickasaw Nation v. United States, 534 U.S. 84, 93 (2001) ("The Court has often said that every clause and word of a statute should, if possible, be given effect.") (internal quotation marks and citations omitted); United States v. Leon H., 365 F.3d 750, 753 (9th Cir. 2004) ("We avoid statutory interpretations that render entire sections of the statute superfluous.").

Finally, a holding that Section 4241(d)(2) applies would encourage a mentally ill defendant to refuse medication or malinger in the hope that he could escape sentencing and imprisonment or commitment. In contrast, a defendant may be less likely to engage in those actions if he knew that they could lead to a provisional sentence that is far longer than the actual sentence he would otherwise receive. Cf. United States v. Wolfson, 616 F. Supp. 2d 398, 421 (S.D.N.Y. 2008) (noting that "there is little incentive for the defendant to falsify delusions for purposes of sentencing" because the court's finding of mental disease or defects under Section 4244 results in a provisional sentence to the maximum statutory term of imprisonment).

B. **The Case Law Does Not Dictate The Application of Section 4241**

The Courts of Appeals that have chosen one provision over the other have done so in dicta and without justifying their particular choice or analyzing whether the release provisions in Section 4241(d)(2) apply to convicted defendants.  See, e.g., United States v. Pellerito, 878 F.2d 1535, 1544 (1st Cir. 1989) (discussing Section 4241 in relation to competency at sentencing without mentioning Section 4244); United States v. Quintieri, 306 F.3d 1217, 1232-1233 (2d Cir. 2002) (same).  Others have noted the overlap and considered both. See, e.g., United States v. Clark, 114 Fed. Appx. 239, 244 (7th Cir. 2004) ("In the interest of completeness, we analyze Clark's claims under both § 4241 and § 4244."); United States v. Barth, 28 F.3d 253 (2d Cir. 1994) (analyzing jurisdictional question under both Section 4241 and Section 4244).  And the Fourth and Seventh Circuits have taken both positions.  Compare United States v. Baldovinos, 434 F.3d 233, 242 (4th Cir. 2006) ("If we were to vacate Baldovinos's sentence, and if he is presently incompetent to be sentenced, he could be provisionally sentenced to Butner or a similar institution pursuant to 18 U.S.C. § 4244(d)."); United States v. General, 278 F.3d 389, 396-97 (4th Cir. 2002) ("Our analysis of General's challenge to his competency to be sentenced is governed by 18 U.S.C.A. § 4244."); United States v. Mason, 52 F.3d 1286, 1288 n.2 (4th Cir. 1995) ("Section 4244 concerns a defendant's competence to be sentenced, whereas § 4241 relates to competence to stand trial."), with United States v. Roberts, 915 F.2d 889, 891-92 (4th Cir. 1990) ("Section 4241 applies to defendants found to be mentally incompetent to stand trial. Section 4244 applies to competent persons found to be suffering from a mental disease prior to sentencing."). Compare also United States v. Ewing, 494 F.3d 607, 614 (7th Cir. 2007) ("When a defendant is found incompetent to stand for sentencing, he is committed for treatment and provisionally sentenced to the maximum term authorized by the offense. 18 U.S.C. § 4244(d)."), with Clark, 114 Fed. Appx. at 243

14

("Although Clark cites to § 4244, which concerns the imposition of a provisional sentence where mental health treatment is needed, Clark argues on appeal that the district court erred in denying his request for a competency hearing because he was unable to properly assist in his defense at the sentencing hearing. Thus, while citing § 4244, Clark frames his argument on appeal in the terms of 18 U.S.C. § 4241."), and United States v. Garrett, 903 F.2d 1105, 1115 (7th Cir. 1990) ("As the statutory language [of Section 4241] suggests, the need for competency also extends beyond trial to the sentencing phase of a proceeding.").

District courts have similarly relied on one or other of the provisions or both. See, e.g., United States v. Askari, 159 F.3d 774, 776 (3d Cir. 1998) (noting that the district court found that the defendant was not mentally competent to be sentenced and committed him to a hospital for treatment under Section 4244(d)); United States v. Sanchez, 38 F. Supp. 2d 355, 364-365 (D. N.J. 1999) (stating that "Section 4244(d) of Title 18 of the United States Code governs determinations of a convicted person's competency to be sentenced"); Wolfson, 616 F. Supp. 2d at 401 (concluding that "the defendant is currently incompetent to be sentenced and therefore should be committed to the custody of the Attorney General for care and treatment pursuant to 18 U.S.C. § 4244 until such time as he has recovered so that he can be sentenced."); United States v. Gigante, 996 F. Supp. 194, 198 (E.D.N.Y. 1998) (concluding that Section 4241 applies to the determination of competency to be sentenced).   Additionally, an authoritative treatise agrees with the government's position that "the procedures in such a case [where competency at sentencing is at issue] are governed by a separate statutory provision, 18 U.S.C.A. § 4244." 1A Charles Alan Wright, et al., Federal Practice and Procedure § 208 (3d ed. 2004).

In United States v. Morris, 550 F. Supp. 2d 1290 (M.D. Ala. 2008), the Court found that Section 4244 applies only to mentally ill but competent defendants and that Section 4241(d)

15

applies to defendants who are mentally incompetent to be sentenced.  That court, in turn, relied on Roberts, supra, which held that a provisional sentence under Section 4244(d) "to the maximum term authorized by law" means the statutory maximum rather than the maximum under the Sentencing Guidelines.   In rejecting the defendant's equal protection challenge to that interpretation of the statute, the Roberts court noted that defendants subject to Sections 4241, 4244, and 4245 are not similarly situated; it described Section 4241 as applying to defendants "found to be mentally incompetent to stand trial" and Section 4244 as applying to "competent persons found to be suffering from a mental disease prior to sentencing."  Roberts, 915 F.2d at 891.  Roberts offered no support for that interpretation of Section 4244.  Nor did it state that that the converse also was true, namely, that Section 4241 applies to persons incompetent to be sentenced and Section 4244 does not.  Moreover, as noted above, the Fourth Circuit's subsequent decisions have not followed the Roberts dicta.  See pages 28-29 supra.

Additionally, Gigante, supra, did not settle the issue.  In Gigante, the district court held that the competency standard in Dusky v. United States, 362 U.S. 402 (1960), applies in the sentencing context.  Gigante, 996 F. Supp. at 196-199.  But the court did not hold that a convicted defendant who meets the incompetency standard as defined in Section 4241 must be released (if not subject to civil commitment under Section 4246), and its observation that a mentally infirm defendant may be provisionally sentenced under Section 4244, id. at 198-199, does not mean that a defendant whose mental illness also renders him incompetent may not be provisionally sentenced.  See Sanchez, 38 F. Supp. 2d at 367-368, 371-372 (applying the competency standard in Section 4241 to conclude that Sanchez, a convicted defendant, was "presently suffering from a mental disease or defect" under Section 4244 and provisionally sentencing him to commitment for a period of ten years (the statutory maximum)).

In <u>United States v. Chaudhry</u>, 646 F.Supp.2d 1140 (N.D. Cal. 2009), the Court held that Section 4241 applies when evaluating a defendant's competency to proceed to sentencing, whereas Section 4244 applies when sentencing a competent defendant suffering from a mental disease or defect. <u>Id</u>. at 1149.  Unlike other courts, the Court in <u>Chaudhry</u> attempted to analyze which of the two sections applied to an incompetent defendant at the sentencing stage.  However, <u>Chaudhry</u> is not controlling and is unpersuasive.

Although the Court in <u>Chaudhry</u> claims to review the "legislative history & statutory scheme," <u>id</u>. at 1148, this review is cursory and contradictory.  While citing language in the legislative history that clearly states that Section 4241 deals "exclusively with the determination of the mental competency of the defendant to stand trial," <u>id</u>., and that Section 4244 applies to "convicted persons who are mentally ill," <u>id</u>., the district court inexplicably concludes that the "legislative history is ambiguous." <u>Id</u>.  Similarly, instead of analyzing the structure of the statute, which clearly applies different procedures at different stages of the criminal prosecution, the district court's "structural analysis" consists of merely dismissing without explanation the fact that the titles of the subsections support the government's argument. <u>Id</u>.

Furthermore, the Court in <u>Chaudhry</u> cites cases such as <u>Pellerito</u>, <u>supra</u>, and <u>Garrett</u>, <u>supra</u>, to support its position that Section 4241 applies to a convicted defendant who is found incompetent prior to sentencing, but ignores the fact that in neither case was the question presented whether it was appropriate to proceed under Section 4241 or Section 4244 in a post-conviction proceeding. <u>Id</u>. at 1147.  While citing these cases as supporting its position, the district court failed to take into consideration similar cases where courts approved the application of Section 4244 in the post-conviction, pre-sentencing context.  For example, in <u>United States v. Moses</u>, 106 F.3d 1273 (6th Cir. 1997) and <u>Weber v. United States District Court for the Central District of</u>

<u>California</u>, *9* F.3d 76 (9th Cir. 1997), the lower courts provisionally sentenced defendants with mental issues pursuant to Section 4244 without addressing the issue of competency.  Thus, as to the critical issue in this case, there is no support in the case law to dictate compliance with Section 4241.

### C.   The Legislative History Supports Imposition of Section 4244

The legislative history of the Insanity Defense Reform Act of 1984 ("IDRA"), Pub. L. No. 98-473, Tit. II, § 403(a), 98 Stat. 2057-2065 (18 U.S.C. §§ 4241-4247) supports the government's position that the procedures in Section 4244 apply.  Prior to the enactment of the IDRA, three statutes established procedures for determining the competency of a defendant (consistently referred to as "the accused") to stand trial: Section 4244 set forth the procedures for determining competency to stand trial when the issue was raised before sentencing; Section 4245 established a post-conviction procedure for determining trial competency when the issue of competence was not disclosed at trial; and Section 4246 provided for the defendant's commitment to the custody of the Attorney General whenever the trial court found the accused "is or was" mentally incompetent under Section 4244 or 4245 "until the accused shall be mentally competent to stand trial or until the pending charges against him are disposed of according to law."  Section 4241 provided for the hospitalization of imprisoned inmates who were alleged to be "insane or of unsound mind or otherwise defective" until they were "restored to sanity or health or until the maximum sentence was served."  <u>See</u> Addendum 11-13.

Nothing in the legislative history of that Act supports the view that the discharge provisions in Section 4241(d)(2) apply to convicted defendants who become incompetent after trial and before sentencing.  The Senate Report recommending passage of the IDRA explained that proposed Section 4241 "contains six subsections which deal exclusively with the determination of the mental

18

competency of the defendant to stand trial" and "tracks, with some modifications, Sections 4244, 4245, and 4246 of title 18 as they now exist." S. Rep. No. 98-225, 98th Cong., 2d Sess. 233 (1983) (hereinafter "Senate Report" or "Report") (emphasis added). The Report also stated "that the procedures for determining the mental competency of the defendant to stand trial are also to apply to the issue of the defendant's competency to enter a plea," ibid., but it did not include sentencing in its explanation of the statute's scope.

Other sections of the Senate Report similarly described the proposed legislation as pertaining to the defendant's competency to stand trial. See, e.g., Senate Report at 233 ("The court must order a hearing upon its own motion, or on the motion of the government or the defense, if there is reasonable cause to believe that the defendant is presently incompetent to stand trial."); id. at 236 ("[C]ommitment under section 4241 may only be for a reasonable period of time necessary to determine if there exists a substantial probability that the person will attain the capacity to permit the trial to go forward in the foreseeable future."); id. at 236-237 ("If, at, or before the end of the four-month period or the extension, it is determined that the defendant's mental condition will not so improve or has not so improved as to permit the trial to proceed, the defendant is made subject to the provisions of section 4246 dealing with hospitalization of a person due for release but suffering from a mental disease or defect."); id. at 237 ("If the court finds by a preponderance of the evidence adduced at the hearing that the defendant has recovered to the extent that he is competent to stand trial, the court must order the release of the defendant from the facility in which he is hospitalized and set a date for the trial of the defendant or for the next stage in the criminal proceeding against the defendant."); ibid. ("A defendant ordered released after a hearing pursuant to this subsection [Subsection (d)] is subject to the pretrial release provisions of chapter 207."); id. at 238 ("If, after the [Section 4241(e)] hearing, the court finds by a preponderance of the evidence

that the defendant [is competent], the court must order the release of the defendant from the facility in which he is hospitalized, determine whether he should be released or detained pursuant to chapter 207 pending trial, and set the date for trial of the defendant.").

Like its predecessor, Section 4241 permits the parties to file a motion for a competency hearing "prior to the imposition of sentence on the defendant," id. at 234, which, as the Report explained, "has been judicially construed to include the time … after trial," id. at 234 n.43.   In support, the Report cited United States v. Lawrenson, 210 F. Supp. 422 (D. Md. 1962), in which the district court agreed that "the question of the defendant's competency to stand trial may be raised after the trial upon a proper showing." Id. at 429.

On the issue of hospitalization, the Report noted that, while existing procedure provided for "hospitalization, in lieu of imprisonment" for mentally ill inmates, "none exists … at the earlier stage contemplated by section 4244."  Senate Report at 245 & n.85.  The purpose of Section 4244 was "to assist the court in determining the proper facility for commitment of a convicted defendant," to benefit the convicted defendant "who is mentally ill and who needs hospitalization," and to benefit society "not only by protecting the public from mentally ill convicted defendants but also by treating and hopefully curing such a person." Ibid.  Although the Report did not address competency issues in this section, that silence cannot be read as evidence that Congress intended to exempt convicted, albeit incompetent, defendants from Section 4244's coverage. To the contrary, if Congress intended to authorize the release of that subset of convicted and mentally ill defendants, when existing law had not done so, it surely would have made that intention explicit. See Edmonds v. Compagnie Generale Transatlantique, 443 U.S. 256, 266-67 (1979) ("This silence [in legislative history] is most eloquent, for such reticence while contemplating an important and

controversial change in existing law is unlikely… At the very least, one would expect some hint of a purpose to work such a change, but there was none.").

There is no reason to believe that Congress intended to single out incompetent convicted defendants by supplanting the hospitalization provisions in Section 4244(d) with the release provisions in Section 4241(d)(2) for that group.  Congress's stated purpose in enacting Section 4244 of "protecting the public from mentally ill convicted defendants," Senate Report at 245, further demonstrates that that section applies to all recently convicted defendants, including those whose mental illness renders them incompetent.

IV.     CONCULSION

For the foregoing reasons, the Government respectfully requests that the Court conduct further proceedings in the above-captioned case pursuant to 18 U.S.C. § 4244.

Respectfully Submitted,

ARTHUR G. WYATT, Chief
Narcotic and Dangerous Drug Section
Criminal Division
United States Department of Justice


By:      /s/  Amanda N. Liskamm

Amanda N. Liskamm
Michael Lang
Adrián Rosales
Trial Attorneys
Narcotic and Dangerous Drug Section
Criminal Division,
United States Department of Justice
145 N Street, NE
East Wing, Second Floor
Washington, D.C. 20530
Tel: 202-616-1576
Amanda.Liskamm@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was sent via the CM/ECF system, to counsel of record for the Defendant, this 23rd day of April 2015.

/s/ *Amanda N. Liskamm*
Amanda N. Liskamm
Michael Lang
Adrián Rosales
Trial Attorneys
Narcotic and Dangerous Drug Section
Criminal Division
Department of Justice
