# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | |
| *v.* | : | |
| | : | **Criminal No. 03-331(CKK)** |
| **WALDEMAR LORENZANA,** | : | |
| | : | |
| *Defendant.* | : | |

## DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO PROCEED UNDER 18 U.S.C. § 4244

**DEFENDANT** Waldemar Lorenzana, by and through undersigned counsel, respectfully submits this opposition to the government's Motion to Proceed Under 18 U.S.C. § 4244, and states as follows:

1.      The Court is aware of the procedural history of this case and it will not be repeated here.

2.      The government takes 22 pages to argue that this Court should proceed pursuant to 18 U.S.C. § 4244 rather than 18 U.S.C. § 4241, apparently in an attempt to lay the groundwork for a later request that the Court should provisionally sentence a 75-year old man with Alzheimer's Disease to the statutory maximum of 40 years.  In doing so it conflates and confuses the issues of competency with issues of mental disease or defect.  The government is not only barking up the wrong tree – it is not even in the same forest.

3.      18 U.S.C. § 4241(a) concerns issues of a defendant's *competency* and states:

> Motion To Determine Competency of Defendant.— At *any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant*, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a *mental disease or defect rendering*

*him mentally incompetent to the extent that he is unable to understand the nature*
*and consequences of the proceedings against him or to assist properly in his*
*defense.*

18 U.S.C. § 4241 (emphasis added).  On its face, the statute contemplates that the Court

can make competency findings "prior to the sentencing of a defendant."

    4.    If, after the required evaluation and hearing, the Court determines that Mr.

Lorenzana is not competent, then the Court

> shall commit the defendant to the custody of the Attorney General. The Attorney
> General shall hospitalize the defendant for treatment in a suitable facility—
> (1) for such a reasonable period of time, not to exceed four months, as is
> necessary to determine whether there is a substantial probability that in the
> foreseeable future he will attain the capacity to permit the proceedings to go
> forward; and
> (2) for an additional reasonable period of time until—
> (A) his mental condition is so improved that trial may proceed, if
> the court finds that there is a substantial probability that within such
> additional period of time he will attain the capacity to permit the
> proceedings to go forward; or
> (B) the pending charges against him are disposed of according to
> law;
> whichever is earlier.

18 U.S.C. § 4241(d).

    5.    On the other hand, 18 U.S.C. § 4244 concerns a defendant's *mental*

*disease of defect – not competency* – and states:

> Motion To Determine Present Mental Condition of Convicted Defendant.— A
> defendant found guilty of an offense, or the attorney for the Government, may,
> within ten days after the defendant is found guilty, and prior to the time the
> defendant is sentenced, file a motion for a hearing on the present mental condition
> of the defendant if the motion is supported by substantial information indicating
> that the defendant may presently be suffering from a mental disease or defect for
> the treatment of which he is in need of custody for care or treatment in a suitable
> facility. The court shall grant the motion, or at any time prior to the sentencing of
> the defendant shall order such a hearing on its own motion, if it is of the opinion
> that there is reasonable cause to believe that the defendant may presently be
> suffering from a mental disease or defect for the treatment of which he is in need
> of custody for care or treatment in a suitable facility.

18 U.S.C. § 4244(a).

6.       If, after the required evaluation and hearing, the Court determines that the defendant is suffering from a mental disease or defect "and that he should, in lieu of being sentenced to imprisonment, be committed to a suitable facility for care or treatment, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for care or treatment in a suitable facility. Such a commitment constitutes a provisional sentence of imprisonment to the maximum term authorized by law for the offense for which the defendant was found guilty."  18 U.S.C. § 4244(d).

7.       Dr. Manuel Gutierrez, Forensic Psychologist at FCI Butner, evaluated Mr. Lorenzana and concluded that that he suffered from possible Alzheimer's disease; that the condition has significantly interfered with Mr. Lorenzana's factual understanding of the proceedings against him; and that the condition has compromised his rational understanding of the case as well as his ability to assist counsel.  Based on these factors, Dr. Gutierrez concluded that Mr. Lorenzana is not competent to proceed with sentencing.  Mr. Lorenzana does not challenge Dr. Gutierrez' findings.  After much contemplation, the government represented to the Court that it also would not challenge Dr. Gutierrez' conclusion.

8.       However, the government seems to suggest that the application of Section 4241 (d) (2)

> "would encourage a mentally ill defendant to refuse medication or malinger in the hope that he could escape sentencing and imprisonment or commitment. In contrast, a defendant may be less likely to engage in those actions if he knew that they could lead to a provisional sentence that is far longer than the actual sentence he would otherwise receive. Cf. United States v. Wolfson, 616 F. Supp. 2d 398, 421 (S.D.N.Y. 2008) (noting that "there is little incentive for the defendant to falsify delusions for purposes of sentencing" because the court's finding of mental disease or defects under Section 4244 results in a provisional sentence to the maximum statutory term of imprisonment)."

9.      The Government's attempt to suggest that Mr. Lorenzana is likely to falsify his condition to escape sentencing and prison shows little knowledge about the nature of this insidious disease and is particularly offensive to those suffering from Alzheimer's.  As pointed out by Dr. Cynthia A. Munro  in her  affidavit:

> Regarding the prognosis of patients with Alzheimer's disease, cognitive and functional decline is inevitable. As their disease progresses, they become increasingly dependent on others, their neuropsychiatric symptoms become more severe, and they become ever more difficult to manage. As treatments are primarily aimed at managing symptoms, rather than reversing its course or improving its cognitive symptoms, there is no expectation that patients whose dementia is caused by Alzheimer's disease will recover or otherwise demonstrate improvement in their cognitive and functional abilities

10.      In its motion, the government argues that the "Case Law Does Not Dictate the Application of Section 4241" and states that the "Courts of Appeals that have chosen one provision over the other have done so in dicta and without justifying their particular choice or analyzing whether the release provisions in Section 4241(d)(2) apply to convicted defendants." Gov. Mot. at 14.  The appellate cases cited by the government in support of applying 18 U.S.C. § 4244 do so as dicta and even then, those cases stand for other propositions.

11. For example, *United States v. Baldovinos*, 434 F.3d 233 (4th Cir. 2006), concerned whether a defendant could be forcibly medicated to restore competency for sentencing and did not provide any analysis regarding which section is appropriate beyond stating "If we were to vacate Baldovinos's sentence, and if he is presently incompetent to be

sentenced, he could be provisionally sentenced to Butner or a similar institution pursuant to 18 U.S.C. § 4244(d)."  *Id*. at 242.  As the government does in its motion, *Baldovino* appears to conflate competency with mental disease or defect.  It defies common sense to analogize the facts in *Baldovino*, who was suffering from schizophrenia and refused to take medication to Lorenzana's situation, over which he has no control and cannot be treated with medication.

12. *United States v. Mason*, 52 F.3d 1286, 1288 n.2 (4th Cir. 1995), concerned the standard to use in determining competency and not on which section should be followed once the competency determination was made.  In footnote two, the Fourth Circuit, without analysis, tries to make a distinction between § 4244 and § 4241 "Section 4242 concerns defendant's competence to be sentenced, whereas Sec. 4241 relates to competence to stand trial."  This statement only alluded to the fact that the lower court made that finding.  It was not the result of a full analysis of the difference between the two sections.

13. *United States v. General*, 278 F.3d 389 (4th Cir. 2002), concerned whether the trial court erred in failing to order a competency hearing prior to accepting defendant's plea. In passing, the 4th Circuit cites *Mason's* footnote 2 without further analysis. *General* did not address the issues presented before this court. There the question was "whether the district court erred by denying his request for further mental examination".  The court rejected his claim indicating that General had the benefit of three mental examinations during the course of his proceedings. Moreover, General did not suggest any new evidence on mental conditions that had not been addressed on one of these prior three examinations.  Thus, General does not advance the government's argument in any meaningful way.

14. The government's survey of appellate case law on the relevant issue apparently failed to uncover *United States v. Jensen*, 639 F.3d 802 (8th Cir. 2011).  In *Jensen*,

the defendant and the government moved for a hearing pursuant to 18 U.S.C. § 4244(a) to determine if defendant suffered from a mental disease or defect and should be provisionally sentenced as required by the statute. The district court denied the motion, "interpreting § 4244 as involving issues of competency." *Id.* at 803. The 8th Circuit reversed and held that "§ 4244 involves mental-health issues *separate from* questions of competency and because § 4244 serves purposes *independent from* the competency provisions of § 4241." *Id.* (emphasis added).

15. In its analysis, including a consideration of legislative history and case law, the court stated, "In particular, competency provisions are now found in § 4241 whereas § 4244 addresses the altogether different situation where a party, competent to enter a guilty plea or stand trial, nevertheless may be in need of mental-health treatment that would make commitment to a mental-health facility more appropriate that incarceration. The current statutory regime establishes separate standards for these distinct situations and requires a greater and more specific showing to establish a lack of competency pursuant to § 4241 than to trigger the procedures and provisional sentencing option of § 4244." *Id.* at 805 (citing *United States v. Abou-Kassem*, 78 F.3d 161, 165 (5th Cir. 1996)). *See also United States v. Roberts*, 915 F.2d 889 (4th Cir. 1990).

16. The *Jensen* court further found that § 4244 "helps to meet several governmental interests that are distinct from questions of competency, namely, 'the governmental interests in: (1) protecting mentally prisoners who might be at substantial risk if placed in general prison population; (2) ensuring the safety of other inmates; and (3) providing humanitarian treatment for mentally ill inmates.'" *Id.* at 806-06 (quoting *Abou-Kasem*, 78 F.3d at 165).

17. *United States v. Chaudhry*, 646 F.Supp.2d 1140 (N.D. Cal. 2009), which the government dismisses like an unruly child, is directly on point to the issue at hand. As the

*Chaudhry* court stated succinctly, the "issue before the Court is whether a defendant who has

been convicted but not yet sentenced may be subject to a competency determination as set forth

in 18 U.S.C. § 4241, or whether 18 U.S.C. § 4244 is the only provision that is operative at this

stage of the proceedings." *Id*. at 1141. That is precisely the issue before this Court.


18. The *Chaudhry* court analyzed both statutes at issue and rejected the government's

argument, which is the same as in this case. In the interest of time and economy, Mr. Lorenzana

cites the following cogent passages directly from *Chaudry* because that court's reasoning is

directly on point to the issue here:

> Section 4241 codifies the standard for competency set forth by the Supreme Court
> in *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (*per
> curiam*). In *Dusky,* the Court clarified that the test for competency is whether a
> defendant "has sufficient present ability to consult with his lawyer with a
> reasonable degree of rational understanding and whether he has a rational as well
> as factual understanding of the proceedings against him." *Id.* (internal quotation
> marks omitted). The requirement that a defendant be competent during a criminal
> proceeding is predicated upon a defendant's right to due process. *Medina v.
> California,* 505 U.S. 437, 448, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992).

*Chaudry*, 646 F.Supp. at 1144.

> At no point does § 4244 refer to "competency." Unlike § 4241, which codifies the *Dusky*
> standard for competency, § 4244 looks only to whether a mentally ill defendant is in need
> of "custody for care or treatment in a suitable facility" rather than imprisonment. *See* 18
> U.S.C. § 4244(a).

*Id.*

> After reviewing the statute, the relevant case law, and the legislative history, the
> Court concludes that § 4241 may apply where, as here, a defendant has already
> been convicted but has not yet been sentenced. Although § 4244 also applies
> during this period, the two statutes govern two separate and distinct inquiries.

*Id.* at 1144-45.

> The government's argument that § 4241 cannot apply is forestalled by the clear
> language of the statute. "It is elementary that the meaning of a statute must, in the
> first instance, be sought in the language in which the act is framed, and if that is

plain ... the sole function of the courts is to enforce it according to its terms." *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917). Section 4241 states that a motion to determine competency may be raised "[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant ...." 18 U.S.C. § 4241(a). Moreover, the statute provides that the issue to be determined is whether "the defendant may *presently* be suffering from a mental disease or defect rendering him mentally incompetent." *Id.* A plain reading of § 4241 suggests that it applies here: the issue of competency was raised by Defendant *after* commencement of the prosecution and *prior* to sentencing, and the Court is considering Defendant's present competency.

*Id.* at 1145.

> There is nothing else within the text of § 4241 that would suggest it cannot apply at this point in proceedings. The government argues that by inquiring into whether a defendant can "assist properly in his defense," § 4241 must not apply post-conviction. *See* 18 U.S.C. §§ 4241(a), (d). First of all, the Court is not persuaded that a person can only "assist in his defense" at trial. Sentencing is a critical component of the criminal process through which a defendant should be able to participate on his own behalf. "The ability to assist in the defense is essentially equivalent to the ability to assist in sentencing." *United States v. Gigante,* 996 F.Supp. 194, 198 (E.D.N.Y.1998). The Federal Rules of Criminal Procedure explicitly provide for a convicted defendant's continued participation in the adversary process, for example, through review of a presentence investigation report, *see* Fed.R.Crim.P. 32(f), and allocution at the time sentencing, *see* Fed.R.Crim.P . 32(i)(4). "These activities are of considerable import." *United States v. Pellerito,* 878 F.2d 1535, 1544 (1st Cir.1989).

*Id.*

> Second, those subsections both refer to the requirement that in determining whether a person is incompetent, the Court must find he is *either* unable to understand the nature and consequence of the proceedings *or* unable to assist properly in his defense. *See* 18 U.S.C. §§ 4241(a), (d). Even if the Court was to accept that the latter inquiry went only to the defendant's ability to assist before conviction, the statute contemplates that the defendant also must be able to understand the "proceedings" against him, which would include sentencing.

*Id.*

> The Court recognizes § 4244 also applies to the period of time post-conviction and presentencing. The Court is not convinced, however, that § 4244 applies to the exclusion of § 4241. This precise issue was considered by Judge Myron H. Thompson in *United States v. Morris,* 550 F.Supp.2d 1290 (M.D.Ala.2008). In *Morris,* the court rejected the very same argument put forth by the government here. Judge Thompson noted:

> 18 U.S.C. § 4241 and 18 U.S.C. § 4244 have two different roles. Section 4241 governs how the court should treat a convicted defendant found to be *mentally incompetent* to be sentenced; where-as, § 4244, entitled "Hospitalization of a convicted person suffering from mental disease or defect," governs how a court should sentence a convicted defendant who, while *mentally competent* to be sentenced, still suffers from a mental disease or defect and is need in care or treatment in a facility.
>
> *Id.* at 1293–94.

In so ruling, the *Morris* court cited to *United States v. Roberts,* 915 F.2d 889 (4th Cir.1990). There, the Fourth Circuit noted that:

> Section 4241 applies to defendants found to be *mentally incompetent* to stand trial. Section 4244 applies to *competent* persons found to be suffering from a mental disease prior to sentencing .... Clearly those statutes apply to different types of mentally ill patients who cannot be lumped together into a group consisting of people with mental problems facing federal prosecution.

*Id.* at 1145-46 (citations omitted).

The government's position was also expressly rejected in *United States v. Gigante,* 996 F.Supp. 194 (E.D.N.Y.1998). There, Judge Jack Weinstein engaged in a particularly thorough discussion of the standards applicable to a mentally ill defendant at the time of sentencing. The court first noted that it was still unsettled as to whether the *Dusky* standard for competency applied to the sentencing portion of a criminal proceeding. *Id.* at 196. The court took a close look at relevant case law, examining the constitutional underpinnings of the competency standard and the importance of the sentencing phase in criminal proceedings. *Id.* at 196–98. The court concluded that "a defendant should be as capable of defending himself with the aid of an attorney when facing his sentence as when facing a jury" and held that "the Constitution requires the *Dusky* standard to apply at the penalty phase of a prosecution." *Id.* at 198. The court then noted that the *Dusky* standard has been codified at 18 U.S.C. § 4241(d) and unequivocally rejected the argument that § 4241 did not apply during the sentencing process. *Id.* ("The phrase 'prior to sentencing' includes immediately prior to the sentencing, implying as a practical matter that it means 'during sentencing' as well.")

The *Gigante* court also recognized the qualitative difference between § 4241 and § 4244, noting "[m]ental illness is not equivalent to mental incompetence ... The presence of some degree of mental illness is not to be equated with incompetence to be sentenced." *Id.* (internal citations and quotation marks omitted). The court concluded by finding that the defendant was competent under the § 4241 standard, so that his sentencing could then proceed under § 4244. *Id.* at 198–99.

The Court finds the reasoning in both *Morris* and *Gigante* thorough and

persuasive. Aside from plain reading of the statutes, common sense also supports a finding that they govern separate inquiries. There are certainly individuals who are competent in that they can understand the nature and circumstances of the proceedings against them, but whose mental condition is such that treatment in a suitable facility is preferable to imprisonment. It is for these defendants that § 4244 is instrumental.

In addition to *Morris* and *Gigante,* there are multiple circuit decisions that clearly apply § 4241 in the post-conviction pre-sentencing context, contrary to the government's argument that there is a temporal limitation that applies here. In *United States v. Pellerito,* 878 F.2d 1535 (1st Cir.1989), the First Circuit held that "[t]he need for competency survives trial and extends through the sentencing phase of a criminal proceeding." *Id.* at 1544. The court went on to examine the manner in which the district court applied § 4241, never questioning the applicability of the competency standard at this stage in the proceedings. In *United States v. Garrett,* 903 F.2d 1105 (7th Cir.1990), the court again applied the § 4241 standard to a defendant who claimed he was incompetent prior to sentencing. *Id.* at 1115.

The Court notes that the Fourth Circuit suggested a different conclusion in *United States v. Mason,* 52 F.3d 1286 (4th Cir.1995), where it noted that "Section 4244 concerns a defendant's competence to be sentenced, whereas § 4241 relates to competence to stand trial." *Id.* at 1288 n. 2. In *Mason,* however, the Fourth Circuit's fleeting reference to the two statutes did not engage in any discussion of the qualitative differences between the two statutes. Moreover, the question of which statute to apply was not before the court, as the § 4241 standard was clearly applicable because the defendant had yet to be tried. *See id.* Accordingly, the Court is not persuaded that the footnote in *Mason* refutes the reasoned analysis of *Morris* and *Gigante* or abrogates the application of § 4241 in *Pellerito* and *Garrett.*

*Id.* at 1146-47.

1.      Here, while Dr. Gutierrez has determined that Mr. Lorenzana is suffering from Alzheimer's disease and is thus suffering from a mental disease or defect, Dr. Gutierrez' ultimate finding is that Mr. Lorenzana is not competent to proceed to sentencing.  Given the plain meaning of the statutes, the relevant case law and Dr. Gutierrez' finding, this Court should proceed pursuant to 18 U.S.C. § 4241 rather than § 4244.

**WHEREFORE**, for the foregoing reasons and any others that may become apparent to the Court, Defendant respectfully requests that the government's Motion be **DENIED**.

Dated: Washington, DC
        April 24, 2014                           Respectfully submitted,

                                                 **BALAREZO LAW**

                                                        /s/
                                   By:    _____
                                          A. Eduardo Balarezo, Esq.
                                          D.C. Bar # 462659
                                          400 Fifth Street, NW
                                          Suite 300
                                          Washington, DC  20001
                                          Tel: (202) 639-0999
                                          Fax: (202) 639-0899
                                          E-mail: aeb@balarezolaw.com

                                          *Counsel for Defendant Waldemar Lorenzana*


                                          /s/ Joaquin Perez
                                          _____
                                          Joaquin G. Perez
                                          D.C. Bar 989889
                                          6780 Coral Way
                                          Miami, FL 33155
                                          Tel (305)261-4000
                                          Email : jplaw1@bellsouth.net

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 24th day of April 2015, I caused a true and

correct copy of the foregoing Defendant's Opposition to Government's Motion to Proceed under

18 U.S.C. § 4241 to be delivered via email to the parties in this case.

/s/

_____

A. Eduardo Balarezo