UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   v.<br><br>**WALDEMAR LORENZANA-LIMA,**<br><br>   Defendant. | Criminal No. 03-331-11   (CKK) |

**ORDER**

This matter came before the Court on April 27, 2015, for a mental competency hearing of Defendant Waldemar Lorenzana-Lima. At the commencement of the hearing, defense counsel informed the Court that they had explained to Mr. Lorenzana-Lima the purpose of the proceeding and that they had informed him of his right to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnessed pursuant to 18 U.S.C. §§ 4241(c) and 4247(d). During the hearing, counsel for Defendant Waldemar Lorenzana-Lima requested admission of five exhibits which the Court admitted into evidence without objection from the government: Report of Dr. Elizabeth Teegarden of the District of Columbia Department of Behavioral Health dated June 9, 2014 (Exhibit 1); Report of Dr. Teresa Grant of the District of Columbia Department of Behavioral Health dated February 18, 2015 (Exhibit 2); Forensic Evaluation of Dr. Manuel E. Guiterrez of Federal Correctional Institution in Butner, North Carolina dated April 9, 2015 (Exhibit 3); an excerpt of Defendant's medical records from the Central Detention Facility in the District of Columbia dated March 17, 2015 (Exhibit 4); and Affidavit of Dr. Cynthia A. Munro of the Johns Hopkins School of Medicine dated April 24, 2015 (Exhibit 5). The government did not present any additional evidence. Based on the evidence

presented during the hearing, the Court FINDS by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense pursuant to 18 U.S.C. § 4241(d).

Presently before the Court is the government's [555] Motion to Proceed Under 18 U.S.C. § 4244, and Defendant's [556] Opposition thereto. The parties dispute whether 18 U.S.C. §§ 4241 and 4246, or 18 U.S.C. § 4244 govern the ultimate disposition in this matter based on the posture of the case.  Specifically, Mr. Lorenzana-Lima argues that if it is determined that there is a substantial probability that in the foreseeable future he will not attain the capacity to permit the proceedings to go forward pursuant to 18 U.S.C. § 4241(d),[1] then the Court should proceed to evaluate Mr. Lorenzana-Lima pursuant to 18 U.S.C. § 4246.  Pursuant to 18 U.S.C. § 4246(a), the defendant must be evaluated to determine whether he is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.  In contrast, the government requests that the Court make a determination pursuant to 18 U.S.C. § 4244 which permits the Court to enter a provisional sentence of imprisonment if the Court, after a hearing, finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect and that he should, in lieu of being sentenced to imprisonment, be committed to a suitable facility for care or

---

[1] The government did not consent to the Court making a finding on this specific issue during the mental competency hearing based on the indication of Dr. Gutierrez in his April 9, 2015, Forensic Evaluation that "it is highly unlikely that the defendant would experience significant improvement in his mental state."  Specifically, the government noted the forensic evaluation indicated: "[W]hile there is evidence of decline in memory and learning and at least one other cognitive domain, this was not established through detailed history of serial neuropsychological testing."  As such, the Court indicated that it would enter as part of this order that the doctor opine with regard to this issue.

treatment. The Court indicated that the parties may submit additional briefing by no later than <u>Monday, May 18, 2015</u>, focusing on the following two issues: (1) whether the disposition under §§ 4241 and 4246 is properly applied to a defendant who is in a post-conviction posture but awaiting sentencing; and (2) whether a defendant who has been deemed incompetent to proceed to sentencing can be provisionally sentenced pursuant to § 4244.

The Court further determined that Mr. Lorenzana-Lima shall be committed to the custody of the Attorney General for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward pursuant to 18 U.S.C. § 4241(d). Further, to the extent that the doctor finds that there is not a substantial probability that Mr. Lorenzana-Lima will regain his competency in the foreseeable future, the Court further orders that the evaluator prepare a report including the evaluator's opinions as to the following issues: (1) whether Mr. Lorenzana-Lima is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another pursuant to 18 U.S.C. §§ 4246(b) and 4247(c); and, in the alternative, (2) whether Mr. Lorenzana-Lima is presently suffering from a mental disease or defect and that he should, in lieu of being sentenced to imprisonment, be committed to a suitable facility for care or treatment pursuant to 18 U.S.C. §§ 4244(b) and 4247(c). The parties did not object to this course of action.

Accordingly, with the consent of the parties, it is this 27th day of April, 2015, hereby

**ORDERED** that Mr. Waldemar Lorenzana-Lima is committed to the custody of the Attorney General who is ordered to FORTHWITH transport Mr. Lorenzana-Lima to the <u>Federal Correctional Institution at Butner, North Carolina</u>, for a reasonable period of time, not to exceed

four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward pursuant to 18 U.S.C. § 4241(d); and it is

**FURTHER ORDERED** that the Federal Correctional Institution at Butner, North Carolina is directed to examine Mr. Lorenzana-Lima to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings, specifically his sentencing, to go forward pursuant to 18 U.S.C. § 4241(d); and it is

**FURTHER ORDERED** that during his examination, the Federal Correctional Institution at Butner, North Carolina is directed to administer serial neuropsychological testing in order to verify Defendant's prior diagnosis as set forth in the Forensic Evaluation completed by Dr. Manuel E. Guiterrez, dated April 9, 2015; and it is further

**FURTHER ORDERED** that if it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the Federal Correctional Institution at Butner, North Carolina is directed to prepare <u>psychiatric or psychological report(s)</u> pursuant to 18 U.S.C. §§ 4246(b) and 4247(c), and 18 U.S.C. §§ 4244(b) and 4247(c), addressing the following issues: (1) whether Mr. Lorenzana-Lima is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another pursuant to 18 U.S.C. §§ 4246(b) and 4247(c); and, in the alternative, (2) whether Mr. Lorenzana-Lima is presently suffering from a mental disease or defect and that he should, in lieu of being sentenced to imprisonment, be committed to a suitable facility for care or treatment pursuant to 18 U.S.C. §§ 4244(b) and 4247(c).  The Federal Correctional Institution at Butner, North Carolina shall <u>SUBMIT such report(s) to this Court by **August 27, 2015**, or upon completion of the evaluation</u>, whichever is sooner; and it is

**FURTHER ORDERED** that to the extent that the government seeks to supplement its [555] Motion to Proceed Under 18 U.S.C. § 4244, and the Defendant seeks to supplement his [556] Opposition to the motion, the parties are directed to file any supplemental briefs <u>by no later than Monday, May 18, 2015</u>, focusing on the following two issues: (1) whether the disposition under §§ 4241 and 4246 is properly applied to a defendant who is in a post-conviction posture but awaiting sentencing; and (2) whether a defendant who has been deemed incompetent to proceed to sentencing can be provisionally sentenced pursuant to § 4244; and it is

**FURTHER ORDERED** that Defendant's [554] Emergency Motion for Continued Detention at Butner FCI is DENIED AS MOOT.

**SO ORDERED.**

Date: <u>April 27, 2015</u>                              /s/
                                                    **COLLEEN KOLLAR-KOTELLY**
                                                    UNITED STATES DISTRICT JUDGE

**Copies to:**

A. Eduardo Balarezo
BALAREZO LAW
400 Fifth Street, NW
Suite 300
Washington, DC 20001

Joaquin G. Perez
6780 Coral Way
Suite 200
Miami, FL 33155

Michael Lang
UNITED STATES DEPARTMENT OF JUSTICE, Criminal Division
Narcotic and Dangerous Drug Section
2 Constitution Square, 145 N Street NE
Second Floor, East Wing
Washington, DC 20530

Amanda Liskamm
U.S. DEPARTMENT OF JUSTICE
Criminal Division, Narcotics and Dangerous Drugs
145 N Street, NE
Second Floor, East Wing
Washington, DC 20530

Adrian Rosales
U.S. DEPARTMENT OF JUSTICE
Narcotic and Dangerous Drug Section
145 N Street, NE
Second Floor, East Wing
Washington, DC 20002

Manuel E. Guiterrez
Federal Correctional Institution in Butner, North Carolina

United States Marshal Service
U.S. District Court for the District of Columbia
Room 1400