# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : |
| | : Case No. 03-CR-0331(11) (CKK) |
| WALDEMAR LORENZANA, | : |
| *Defendant.* | : |

## DEFENDANT'S MOTION FOR PRODUCTION OF NON-TESTIMONIAL STATEMENTS BY OTTO HERRERA GARCIA AND BYRON LINARES CORDON

Defendant Waldemar Lorenzana ("Lorenzana"), by and through undersigned counsel, respectfully moves this Court for an order directing the government to produce to the defense the non-testimonial proffer statements of Otto Herrera Garcia and Byron Linares Cordon in preparation for sentencing. In support of this Motion, Mr. Lorenzana states as follows:

## BACKGROUND

On September 5, 2019, the government informed the Court and the defense that it would seek the application of certain sentencing enhancements against Mr. Lorenzana. In particular, the government seeks a four-level enhancement for leadership and a two-level enhancement for use of an aircraft. The government proposed to support those enhancements with sentencing memoranda and factual proffers. Mr. Lorenzana requested that the Court direct the government to produce live witnesses in support of those enhancements. The same day, the Court issued an Order finding that "in lieu of live witnesses, the Government may rely upon trial testimony from Mr. Lorenzana-Lima's codefendants in support of its recommended sentencing enhancements for leadership and use of aircraft." Order, Sept. 5, 2019, at 2.

On September 29, 2019, Mr. Lorenzana filed a motion for live witnesses at sentencing. Doc. No. 1097. On November 19, 2019, the government filed its opposition. Doc. No. 1100. On November 22, 2019, the Court issued an Order denying Mr. Lorenzana's motion. Doc. No. 1102.

The codefendants' trial referred to by the Court is one at which Mr. Lorenzana did not participate, did not attend, and at which his counsel did not have a role, such as cross-examining the witnesses upon which the government will rely. In addition to the proposed trial testimony, the government will also rely upon "some factual information about the Defendant's activity that the government did not elicit during the trial but are based on proffer sessions with the witnesses attended by law enforcement agents who would be able to testify as to what the witnesses informed the government in those debriefings." Gov. Sent. Memo. at n.2. Mr. Lorenzana does not have access to the non-testimonial proffer statements of Herrera and Linares and thus is unable to meaningfully confront the proposed testimony or proffer statements.

The presentence report (PSR) accepts the government's version of events and assesses Mr. Lorenzana a four-level enhancement for role and a two-level enhancement for use of an aircraft. The PSR calculates his offense level as 41 and his criminal history category as I, resulting in a guideline sentencing range of 324 – 405 months (27 – 33 ¾ years). Without the enhancements, Mr. Lorenzana is at an offense level of 35 resulting in a guideline sentencing range of 168 – 210 months (14 – 17 ½ years). Therefore, the proposed enhancements result in a possible sentence **increase of approximately 13 – 16 years**. Thus, Due Process requires that Mr. Lorenzana have access to the non-testimonial statements of Herrera Garcia and Linares

Cordon so he can have a meaningful opportunity to confront their testimony and proffers at sentencing.

**ARGUMENT**

District judges have an "independent obligation to ensure that the sentence was supported by sufficient reliable evidence." *United States v. Garcia-Sanchez*, 189 F.3d 1143, 1149 (9th Cir. 1999). Sentencing may not depend on "misinformation of constitutional magnitude." *United States v. (Forrest) Tucker*, 404 U.S. 443, 447 (1972). *See also Gardner v. Florida*, 430 U.S. 349, 358 (1977) ("the sentencing process ... must satisfy the requirements of the Due Process Clause"); *United States v. Chase,* 499 F.3d 1061, 1070 (9th Cir. 2007); *United States v. Jordan*, 256 F.3d 922, 926 n.2 (9th Cir. 2001); *United States v. Brothers*, 75 F.3d 845, 848 (3rd Cir. 1996);*United States v. Hanna*, 49 F.3d 572, 577 (9th Cir 1995). Accordingly, "[t]he Guidelines admonish that, although the sentencing court may rely on evidence that would be inadmissible at trial, the evidence must nonetheless have 'sufficient indicia of reliability to support its probable accuracy.'" *United States v. Bras*, 483 F.3d 103, 109 (D.C. Cir. 2007) (citing U.S.S.G. § 6A1.3).

The Government must produce reliable information supporting a proposed enhancement before the defense must come forward with evidence refuting it. *United States v. Bapack*, 129 F.3d 1320, 1324 (D.C. Cir. 1997) ("At sentencing, it is the Government's burden to demonstrate by a fair preponderance of the evidence that an enhancement is warranted."); *United States v. Bacallo*, 149 F.3d 717, 720 n.2 (7th Cir. 1998) (vacating sentence imposed following plea). In turn, the trial judge must administer an even-handed sentencing proceeding. Properly administered, "[g]uideline sentencing is an adversarial process [which] envisions a confrontation

3

between the parties similar to that which occurs at a civil bench trial." *United States v. Scroggins*, 880 F.2d 1204, 1209 (11th Cir.1989).

The government produced Herrera Garcia and Linares Cordon as witnesses at the trial of Elio Lorenzana Cordon and Waldemar Lorenzana Cordon. As a result, the government had to produce statements pursuant to 18 U.S.C. § 3500 (the *Jenks* Act) to their counsel. Here, the government has chosen not to call Herrera Garcia and Linares Cordon as witnesses, but nevertheless seeks to use their trial testimony against Mr. Lorenzana without having to produce their *Jencks* material.

The *Jencks* Act states in relevant part that:

> After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

18 U.S.C. § 3500(b). Similarly, Fed. R. Crim. P. 26.2 states that:

> Motion to Produce. After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

Fed. R. Crim. P. 26.2(a).

The purpose of the *Jencks* Act is to produce statements to the defendant to be used to impeach government witnesses. *See Palermo v. United States*, 360 U.S. 343, 349 (1959). The material is an aid to the Court and the defense in ascertaining the credibility of government

witnesses and assessing the reliability of their statements. The *Jencks* Act and Rule 26.2 specifically require that witness statements be produced after a witness called by the government has testified on direct examination. Here, although the government does not intend to call witnesses and is technically not subject to the requirements of the *Jencks* Act, it nevertheless intends to use those witnesses' testimony against Mr. Lorenzana. The effect is the same. Without the non-testimonial statements of Herrera Garcia and Linares Cordon, Mr. Lorenzana is utterly unable to examine the veracity of their testimony, cannot impeach or challenge their reliability in any way and is completely unable to confront the testimony in any meaningful manner. Due process requires that, at the very least, Mr. Lorenzana have access to the non-testimonial proffer statements of Herrera Garcia and Linares Cordon.

The Court's Order of September 5, 2019, states that "[t]o ensure that Defendant is provided with the opportunity to challenge such evidence, the Government shall provide this Court and counsel for Defendant with a motion in support of its recommended sentencing enhancements, accompanied by a copy of the trial transcript excerpts on which it intends to rely." Order at 2. Although this procedure places a veneer of fairness on the sentencing process, it is far from fair or just. The proposed process of relying on the trial transcript of Mr. Lorenzana's sons, denies Mr. Lorenzana the opportunity to cross-examine the government's witnesses, to make objections to evidence and the protection of procedural guarantees of a trial that were afforded his sons who confronted the witnesses. *See, e.g., United States v. Castellanos*, 882 F.2d 474, 476 (11th Cir. 1989). In sum, the Court's proposed procedure denies Mr. Lorenzana his Constitutional right to Due Process and to confront witnesses against him. This is specially so when the proposed enhancements will result in an increase of 13 – 16 years to his sentence.

Here, the Court proposes that the government move forward in proving the enhancements on the strength of transcripts from the trial of Mr. Lorenzana's sons, a trial in which neither Mr. Lorenzana nor his counsel played a part, such as in cross-examining the relevant witnesses. Although the witnesses were cross-examined at trial, the attorneys who cross-examined them were protecting the interests of their clients, not Mr. Lorenzana's. Additionally, they had the benefit of reviewing the witnesses' *Jencks* material in preparation for cross-examination.

**WHEREFORE**, for all the foregoing reasons, and any others that may appear to the Court, Mr. Lorenzana respectfully requests that this Motion be **GRANTED**.

Dated: Washington, DC
January 18, 2020

Respectfully submitted,

**BALAREZO LAW**

By: _____/s/_____
A. Eduardo Balarezo, Esq.
D.C. Bar # 462659
400 Seventh Street, NW
Suite 306
Washington, DC 20004
Tel (202) 639-0999
Fax (202) 639-0899
E-mail aeb@balarezolaw.com

*Counsel for Waldemar Lorenzana*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 18th day of January 2020, I caused a true and correct copy of the foregoing Defendant's Motion for Non-Testimonial Statements of Otto Herrera Garcia and Byron Linares Cordon to be delivered to the parties in this matter via Electronic Case Filing.

/s/
_____
A. Eduardo Balarezo