UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 03-CR-331 (11) |
| | ) | |
| v. | ) | |
| WALDEMAR LORENZANA-LIMA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR PRODUCTION OF NON-TESTIMONIAL STATEMENTS

On January 19, 2020, defendant Waldemar Lorenzana-Lima filed a "motion for production of non-testimonial statements," Dkt. No. 1106 ("Def. Mot."), seeking to compel the government to produce 18 U.S.C. § 3500 (Jencks Act) material ("3500 Material") for two witnesses whose testimony at the trial of the defendant's sons is cited in the government's sentencing memoranda.  As the defendant notes in his motion, the Court has previously denied his motions to compel the government to call live witnesses at his sentencing hearing.  *See* Dkt. Nos. 1094 ("[T]he Court finds that, in lieu of live witnesses, the Government may rely upon trial testimony from Mr. Lorenzana-Lima's codefendants in support of its recommended sentencing enhancements…."), 1102 (reaffirming prior ruling).  As with the defendant's motions to compel the government to call witnesses, the Court should deny the defendant's present motion to compel disclosure of 3500 Material for witnesses who will not be testifying at the defendant's sentencing.

## ARGUMENT

The Jencks Act, 18 U.S.C. § 3500, requires the government, upon a defendant's motion, to produce statements of trial witnesses called by the government that are in the government's

possession and relate to the subject matter of the witnesses' direct testimony.  The substance of 18 U.S.C. § 3500 is codified in the Federal Rules of Criminal Procedure as Rule 26.2.  Federal Rule of Criminal Procedure 26.2(g)(2) provides that the rule applies at sentencing hearings, as it does at various other evidentiary and procedural hearings such as preliminary hearings, suppression hearings, and detention hearings.  Federal Rule of Criminal Procedure 32, which governs sentencing, reaffirms the applicability of Rule 26.2 at sentencing.  *See* Fed. R. Crim. P. 32(i)(2) ("If a witness testifies at sentencing, Rule 26.2(a)-(d) and (f) applies.").

By their own terms, however, Rules 26.2 and 32, as well as the Jencks Act, apply only to witnesses who *testify*.  *See* Fed. R. Crim. P. 26.2(a) ("After a witness other than the defendant *has testified on direct examination*…"), Fed. R. Crim. P. 32(i)(2) ("*If* a witness testifies at sentencing…"), 18 U.S.C. § 3500(b) ("After a witness called by the United States *has testified on direct examination*…") (emphases added).  Here, by contrast, the government has already explained that it does not intend to call Byron Linares or Otto Herrera-Garcia, who are the subjects of the defendant's motion, to testify at the defendant's sentencing.  If they were to testify, the government would be required to produce 3500 Material; because they are not going to testify, applicable law and the federal rules impose no such obligation on the government.

The defendant's motion does not cite any law or rule to the contrary, relying only on more broad, general statements about the government's burden at sentencing and the reliability of evidence presented at sentencing.  Def. Mot. at 3-4.  The defendant has identified no case or other authority, nor has the government found any, in which a court has ordered the government to produce 3500 Material for witnesses who do not testify at sentencing.

At least one other circuit has expressly held that 3500 Material does not need to be produced where the government does not call witnesses at sentencing.  *See United States v.*

*Nicklow*, 891 F.2d 1071, 1074 (3d Cir. 1989) ("In extending the Jencks Act to post-trial sentencing hearings, however, we held that it is only when the government calls witnesses to testify at a sentencing hearing that the prior statements…of its witnesses must be furnished to the defendant.  In the present case, the government called no witnesses to testify; hence, Nicklow cannot obtain relief…..").   And outside of the sentencing context, the D.C. Circuit has made clear that 3500 Material for non-testifying witnesses – including that of co-conspirators whose statements are admissible at trial pursuant to Rule 801(d)(2)(E) – does not need to be produced to a defendant.   *See United States v. Williams-Davis*, 90 F.3d 490, 512-14 (D.C. Cir. 1996) ("[T]hat a declarant is treated as a witness for purposes of Rule 801(d)(2)(E) or Rule 806 does not mean he becomes one for purposes of the Jencks Act."); *see also United States v. Morrow*, No. 04-CR-355-CKK, 2005 WL 3163806, *3 (D.D.C. Apr. 13, 2005) (explaining that argument for production of non-testifying witnesses 3500 Material "has been rejected by numerous courts" and that ordering such production would "violate the balance chosen by Congress between the defendant's interest in use of non-witness materials and the government's interest in their non-disclosure").   Other circuits have reached the same conclusion.   *See, e.g., United States v. Shyne*, 617 F.3d 103, 108 (2d Cir. 2010) (rejecting argument that 3500 Material for non-testifying co-conspirators needed to be produced, noting that "[t]o hold otherwise would be contrary to the express language of the Jencks Act"), *United States v. Schier*, 438 F.3d 1104, 1112 (11th Cir. 2006) ("Plainly, the Jencks Act does not apply to the statements of non-testifying witnesses.").

Ultimately, then, applicable rules and case law make clear that the production of 3500 Material is only required for witnesses who actually testify at trial or certain other hearings specified in Rule 26.2.   Because the defendant has identified no contrary authority, his argument

for the expansion of Rules 26.2, 32, and the Jencks Act to non-testifying witnesses should be rejected.

## **CONCLUSION**

For the foregoing reasons, the defendant's motion should be denied.

> Respectfully submitted,
>
> MARLON COBAR, Acting Chief
> Narcotic and Dangerous Drug Section
> Criminal Division
> U.S. Department of Justice

By:  /s/ Brett Reynolds
      Brett Reynolds
      Anthony Aminoff
      Trial Attorneys
      Narcotic and Dangerous Drug Section
      Criminal Division
      United States Department of Justice
      145 N Street, NE
      Washington, DC 20530
      (202) 598-2950
      Brett.Reynolds@usdoj.gov